IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA )
                                 )       CRIMINAL ACTION
         v.                 )
                                 )       NO. 2:11-CR-44-RWS-JCF
RAY H. ADAMS                )
_____)

## **DEFENDANT RAY H. ADAMS' REQUESTS TO CHARGE**

COMES NOW DEFENDANT Ray H. Adams, by and through undersigned

counsel, and provides proposed requests to charge the jury, and further states that

all requests to charge herein are drawn from the Eleventh Circuit Pattern Jury

Instructions (Criminal Cases) 2010 unless otherwise noted.

## 2.1: The Duty to Follow Instructions And the Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

ANNOTATIONS AND COMMENTS
In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also Harvell v. Nagle, 58 F. 3d 1541, 1542 (11th Cir. 1995), reh'g denied, 70 F.3d 1287 (11th Cir. 1995).

## 2.2: The Duty to Follow Instructions and the Presumption Of Innocence

## When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

ANNOTATIONS AND COMMENTS
United States v. Teague, 953 F. 2d1525, 1539 (11th Cir. 1992), cert. denied, 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; see also United States v. Veltman, 6 F.3d 1483, 1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial . . . . Although the court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrock.")

# 3: Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case. "Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

ANNOTATIONS AND COMMENTS
United States v. Daniels, 986 F.2d451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; see also United States v. Morris, 647 F.2d568 (5th Cir. 1981); Victor v. Nebraska, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

## 4: Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

ANNOTATIONS AND COMMENTS
United States v. Clark, 506 F.2d416 (5th Cir. 1975), cert. denied, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; see

also United States v. Barnette, 800 F.2d1558, 1566 (11th Cir. 1986), reh'g denied, 807 F.2d999 (11th Cir. 1986), cert. denied, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing United States v. Henderson, 693 F.2d 1028, 1030 (11th Cir. 1982)).

United States v. Hope, 714 F.2d1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing United States v. Buchanan, 585 F.2d100, 102 (5th Cir. 1978)). See also United States v. Jenkins, 901 F.2d1075 (11th Cir. 1990).

United States v. Granville, 716 F.2d819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing United States v. Phillips, 664 F.2d971, 1031 (5th Cir. 1981)); see also United States v. Siegel, 587 F.2d721, 727 (5th Cir. 1979).

## 5: Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

## 6.2: Impeachment of Witnesses Because of

## Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

ANNOTATIONS AND COMMENTS
See United States v. Solomon, 856 F.2d1572, 1578 (11th Cir. 1988), reh'g denied, 863 F.2d890 (1988), cert. denied, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**6.3: Impeachment of Witnesses Because of Inconsistent Statements**

**(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**6.5: Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction (Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail. A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**6.7: Impeachment of Witness Because of Bad Reputation for (or Opinion about) Truthfulness (May Be Used With 6.1 - 6.6)**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

ANNOTATIONS AND COMMENTS
Rule 608. [Fed. R. Evid.] Evidence of Character and Conduct of Witness
(a) Opinion and reputation evidence of character. - - The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
See United States v. Watson, 669 F.2d1374, 1381-1383 (11th Cir. 1982) distinguishing between reputation witnesses and personal opinion witnesses, and finding error in the exclusion of opinion testimony.

## 7: Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

ANNOTATIONS AND COMMENTS
United States v. Johnson, 575 F.2d1347, 1361 (5th Cir. 1978), cert. denied, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

## 9.1A: On or About; Knowingly

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that [his] [her] conduct may be violating.

ANNOTATIONS
Eleventh Circuit Pattern Jury Instructions, Criminal Cases, pg. 31 (2010).

## 10.4: Caution: Punishment (Multiple Defendants, Multiple Counts)

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

ANNOTATIONS AND COMMENTS
See United States v. Morales, 868 F.2d1562, 1572 (11th Cir. 1989).
There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

## 11: Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

ANNOTATIONS AND COMMENTS
See United States v. Brokemond, 959 F.2d206, 209 (11th Cir. 1992). See also
United States v. Cook, 586 F.2d572 (5th Cir. 1978), reh'g denied, 589 F.2d1114
(1979), cert. denied, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); United
States v. Dunbar, 590 F.2d1340 (5th Cir. 1979).

# 12: Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience. [Explain verdict] Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

ANNOTATIONS AND COMMENTS
United States v. Norton, 867 F.2d1354, 1365-66 (11th Cir. 1989), cert. denied, 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an Allen charge, absent a showing that either incident or a combination of the two was inherently coercive." See United States v. Brokemond, 959 F.2d206, 209 (11th Cir. 1992). See also United States v. Cook, 586 F.2d572 (5th Cir. 1978), reh'g denied, 589 F.2d1114 (1979), cert. denied, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).

### 13.1: Entrapment

"Entrapment" occurs when law-enforcement officers or others under their direction persuade a defendant to commit a crime that the defendant had no previous intent to commit.

The Defendant has claimed to be a victim of entrapment regarding the charged offense.

The law forbids convicting an entrapped defendant.

But there is no entrapment when a defendant is willing to break the law and the Government merely provides what appears to be a favorable opportunity for the defendant to commit a crime.

For example, it's not entrapment for a Government agent to pretend to be someone else and offer – directly or through another person – to engage in an unlawful transaction.

So a defendant isn't a victim of entrapment if you find beyond a reasonable doubt that the government only offered the defendant an opportunity to commit a crime the defendant was already willing to commit.

But if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty.

ANNOTATIONS AND COMMENTS

See United States v. Davis, 799 F.2d1490, 1493-94 (11th Cir. 1986). See also
United States v. King, 73 F.3d 1564, 1569-71 (11th Cir. 1996), cert. denied, 519
U.S. 886, 117 S. Ct. 220, 136 L. Ed. 2d 153 (1996).

However, in Jacobson v. United States, 503 U.S. 540, 112 S. Ct. 1535, 118 L. Ed.
2d 174 (1992), the Supreme Court held that the necessary predisposition of the
Defendant must have existed before the Defendant was approached by
Government agents or cooperating informants, and in United States v. Brown, 43
F.3d 618, 628 n.8 (11th Cir. 1995), cert. denied, 516 U.S. 917, 116 S. Ct. 309, 133
L. Ed. 2d 212 (1995), the Court of Appeals upheld the sufficiency and correctness
of the former instruction but implied that clarification might be appropriate in the light
of Jacobson. The present reformulation of the instruction on entrapment makes that clarification.

## 1.1: Testimony of Accomplice, Informer, or Witness with Immunity

You must consider some witnesses' testimony with more caution than others. For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

ANNOTATIONS AND COMMENTS
See United States v. Shearer, 794 F.2d1545, 1551 (11th Cir. 1986). See also United States v. Solomon, 856 F.2d1572 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices should be given).

**1.2: Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for [his] [her] testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

ANNOTATIONS AND COMMENTS
United States v. Solomon, 856 F.2d1572, 1578-79 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

## 5: Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity. You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## 6: Possession

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

ANNOTATIONS AND COMMENTS
See United States v. Hastamorir, 881 F.2d1551 (11th Cir. 1989).

# 12: Character Evidence

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

ANNOTATIONS AND COMMENTS

Rule 404. [Fed. R. Evid.] Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes

(a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;. . .

See United States v. Broadwell, 870 F.2d 594, 609 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989).

United States v. Darland, 626 F.2d1235 (5th Cir. 1980) held that it can be plain error to refuse this instruction when the Defendant offers evidence of good character; and, further, the admission of such evidence may not be conditioned on the Defendant testifying as a witness. Character evidence may be excluded, however, when the proffered witness has an inadequate basis for expressing an opinion as to the Defendant's character. United States v. Gil, 204 F.3d 1347 (11th Cir. 2000). A distinction must be drawn between evidence of a pertinent trait of the Defendant's character, offered under Fed. R. Evid. 404(a)(1), and evidence of the character of a witness for truthfulness (including the Defendant as a witness) offered under Fed. R. Evid. 608(a). This instruction should be given when the evidence has been admitted under Rule 404. Basic Instruction 6.7 should be given when evidence has been admitted under Rule 608.

In either case - - whether character evidence is admitted under Rule 404 or Rule 608 - -Rule 405(a) provides that such "proof may be made by testimony as to reputation or by testimony in the form of an opinion."

## 2.2: Confession or Statement of Multiple Defendants

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

Any such statement is not evidence about any other Defendant.

**GENERAL CONSPIRACY CHARGE: 18 U.S.C. § 175(a)**

Defendants are charged in Count 1 of the Superseding Indictment with conspiring to knowingly develop, produce, and possess a biological toxin, that is, ricin, for use as a weapon.

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement.

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that

the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2)     the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4)     the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.


ANNOTATIONS
Eleventh Circuit Pattern Jury Instructions, Criminal Cases, p. 147-48 (2010).

## 18 U.S.C. 175(a)

It's a Federal crime for anyone to knowingly acquire, retain, and possess a biological agent, toxin, or delivery system for use as a weapon.

A defendant can be found guilty of the crime of knowingly acquiring, retaining, or possessing a biological toxin for use as a weapon only if all the following facts are proved beyond a reasonable doubt:

(1)    the defendant acquired, retained, or possessed a biological toxin;

(2)    the defendant acquired, retained, or possessed the biological toxin for use as a weapon;

(3)    the defendant did so knowingly, as that term is defined in these instructions;

(4)    ricin in its naturally occurring environment, that has not been extracted from its natural source, that is, castor beans, is a biological toxin; and

(5)    ricin in its naturally occurring environment, that has not been extracted from its natural source, that is, castor beans, can be used as a weapon.

The term "use as a weapon" does not include the acquisition, retention, or possession of a biological toxin for prophylactic, protective, bona fide research, or other peaceful purposes. The term "use as a weapon" also does not include the acquisition, retention, or possession of castor beans for peaceful purposes.

The terms "biological agent" and "toxin" do not include any agent or toxin

that is in its naturally occurring environment, if the agent or toxin has not been

cultivated, collected, or otherwise extracted from its natural source.

ANNOTATIONS
18 U.S.C. § 175(a), (b), and (c).

## 7: Aiding and Abetting; Agency

### 18 U.S.C. § 2

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

ANNOTATIONS AND COMMENTS

18 U.S.C. § 2 provides:

(a) whoever commits an offense against the United States or, aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

See United States v. Broadwell, 870 F.2d594, 607 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989). See also United States v. Walker, 621 F.2d163 (5th Cir. 1980), cert. denied, 450 U.S. 1000, 101 S. Ct. 1707, 68 L. Ed. 2d 202 (1981).

**Aiding and Abetting; 18 U.S.C. § 175**

Defendants are charged in Count 2 of the Superseding Indictment with aiding and abetting each other and others to knowingly acquire, retain, and possess a biological toxin, that is, ricin in its naturally occurring environment, that had not been extracted from its natural source, that is, castor beans, for use as a weapon.

In order for Defendants to be found guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

(1)     First, Defendants intended to commit the offense of acquiring, retaining, or possessing a biological toxin, that is, ricin;

(2)     Second, Defendants acquired, retained, or possessed ricin for use as a weapon;

(3)     Third, Defendants did so knowingly, as that term is defined in these instructions;

(4)     Fourth, Defendants committed an overt act toward committing the crime of acquiring, retaining, or possessing a biological toxin for use as a weapon, with all of you agreeing as to what constituted the overt act; and

(4)     Fourth, ricin in its naturally occurring environment, that had not been extracted from its natural source, that is, castor beans, is a biological toxin.

To acquire, retain, or possess a biological toxin in its naturally occurring environment, that had not been extracted from its natural source, that is, castor beans, with the intent to "use as a weapon" means to acquire, retain, or possess it with the intent to injure or harm another person or persons. The Government does not have to prove an intent to kill another person or persons. Furthermore, the intent to use as a weapon does not require the Government to prove actual or attempted use of the toxin.

The term "use as a weapon" does not include the development, production, or possession of a toxin for a peaceful purpose.

ANNOTATIONS
18 U.S.C. § 175; Eleventh Circuit Pattern Jury Instructions, Criminal Cases, p. 147-48 (2010); *see also* Ninth Circuit Manual of Model Criminal Jury Instructions (2010), as applied in *United States v. Hughes*, Doc. 103 at 19-20, 2:05-cr-00759-EHC (D. Ariz., June 30, 2006).

**11: Attempt**

Defendant Ray Adams in charged in Count 3 of the Superseding Indictment with attempting to develop, produce, and possess a biological toxin, that, ricin, for use as a weapon.

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails. Defendant Ray Adams in charged in Count 3 of the Superseding Indictment with attempting to develop, produce, and possess a biological toxin, that, ricin, for use as a weapon.

The Defendant can be found guilty of developing, producing, and possessing a biological toxin, that, ricin, for use as a weapon, only if all the following facts are proved beyond a reasonable doubt:

(1)     Defendant Adams developed, produced, and possessed a biological toxin, that is ricin; and

(2)     Defendant did so for use as a weapon.

The Defendant can be found guilty of an attempt to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

(a)     That the Defendant knowingly intended to commit the crime of developing, producing, and possessing a biological toxin, that is, ricin, for use as a weapon; and

(b)     The Defendant's intent was strongly corroborated by him taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

ANNOTATIONS AND COMMENTS
Instruction taken from United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001).

**10.1: Lesser Included Offense (Single)**

**18 U.S.C. § 175(b)**

In some cases a defendant is charged with breaking a law that actually covers two separate crimes.

A "lesser included offense" is a crime that isn't as serious as the other crime a defendant is charged with.

If you find the Defendant not guilty of the crime charged in Counts number 1, 2, and 3, you must determine whether the Defendant is guilty of the lesser included offense found at 18 U.S.C. § 175(b).

Proof of the lesser included offense requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in Counts number 1, 2, and 3, except that the biological agent or toxin is not possessed for use as a weapon. The lesser included offense requires proof beyond a reasonable doubt that:

(1)     defendant knowingly possessed any biological agent or toxin;

(2)     the biological agent or toxin has been cultivated, collected, or otherwise extracted from its natural source; and

(3)     under the circumstances, possession of the biological agent or toxin is not reasonably justified by a prophylactic, protective, bona fide research, or other peaceful purpose.

I caution you, ladies and gentlemen of the jury, that if the biological agent or

toxin has *not* been cultivated, collected, or otherwise extracted from its natural

source, then you would be authorized to acquit the defendant of a violation of 18

U.S.C. § 175(b).


ANNOTATIONS AND COMMENTS

See United States v. Alvarez, 755 F.2d 830 (11th Cir. 1985), cert. denied, 474 U.S. 905, 106 S. Ct. 274, 88 L. Ed. 2d 235 (1985) and cert. denied, 482 U.S. 908, 107 S. Ct. 2489, 96 L. Ed. 2d 380 (1987).

The Committee recognizes - - and cautions - - that sentence enhancing factors subject to the principle of Apprendi are not necessarily "elements" creating separate offenses for purposes of analysis in a variety of contexts. See United States v. Sanchez, 269 F.3d 1250, 1277 n. 51 (11th Cir. 2001) en banc, cert. denied 535 U.S. 942, 122 S. Ct. 1327, 152 L. Ed. 2d 234 (2002). Even so, the lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of Apprendi.

The following is one form of verdict that may be used in cases in which the offense charged in the indictment embraces a lesser included offense or offenses in the traditional sense, or involves sentencing enhancers subject to Apprendi.

Alternatively, especially in drug cases involving multiple defendants and/or multiple forms of controlled substances, it may be preferable to use a form of special verdict for each Defendant (preceded by appropriate instructions concerning the reasons for, and the use of, such verdict forms). See infra, Offense Instructions 85 and 87.

Verdict

1. We, the Jury, find the Defendant [name of Defendant] of the offense charged in Count One of the indictment. [Note: Proceed to the remainder of the verdict form only if you find the Defendant not guilty of the offense as charged.]

2. We, the Jury, having found the Defendant [name of Defendant] not guilty of the offense as charged in Count One of the indictment, now find the Defendant of the [first] lesser included offense in Count One of [give generic description of lesser included offense, i.e., conspiring to distribute less than 50 grams but not less than 5 grams of cocaine base].

So Say We All

**Protected Speech**

A "threat" is a statement expressing an intention to kill or injure another person.

A "true threat" is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would lead a reasonable person to believe that the Defendant intended to injure or kill someone.

The heart of the issue is knowingly and willfully making a true threat. Under our Constitution and system of government, defendants have a right to express their beliefs, known as the First Amendment right. Political hyperbole does not constitute a true threat. It is for you, ladies and gentlemen of the jury, to determine whether or not true threats were made in this case to harm government officials and public buildings, or whether these statements were political hyperbole protected by the First Amendment.

ANNOTATION
*See Watts v. United States,* 394 U.S. 705 (1969).
*See* Eleventh Circuit Pattern Jury Instructions, Criminal Cases, pg. 200-01 (2010), and Annotations therein:
The language defining a "true threat" provides explanation and clarification as to the proper standard to be applied in determining whether a threat is a true threat or not. See, e.g., United States v. Callahan, 702 F.2d 964, 965 (11th Cir. 1983); see generally Lucero v. Trosch, 904 F. Supp. 1336, 1340 (S.D. Ala. 1995). In United States v. Alaboud, 347 F.3d 1293 (11th Cir. 2003), the Court of Appeals explained: A communication is a threat when in its context it would have a reasonable

tendency to create apprehension that its originator will act according to its tenor. In other words, the inquiry is whether there was sufficient evidence to prove beyond a reasonable doubt that the defendant intentionally made the statement under such circumstances that a reasonable person would construe them as a serious expression of an intention to inflict bodily harm. Id. at 1296-97 (internal citations, quotations, footnote and alterations omitted) (construing 18 U.S.C. § 875(c)).

Respectfully submitted, this 13th day of January, 2014.

**s/ Edward D. Tolley**
Georgia Bar No. 714300
**s/ Devin Hartness Smith**
Georgia Bar No. 918980
Attorney for Ray Adams
Cook Noell Tolley & Bates LLP
304 E. Washington Street
P. O. Box 1927
Athens, Georgia 30603
(706) 549-6111
etolley@mindspring.com
devinhsmith@yahoo.com

**s/ Barry V. Lombardo**
Georgia Bar No. 456460
Attorney for Ray Adams
5425 Honeysuckle Trail
Gainesville, Georgia 30506
(770) 888-3108
bvlombardo@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2014, I electronically filed the

foregoing DEFENDANT RAY H. ADAMS' REQUESTS TO CHARGE with the

Clerk of Court using the CM/ECF system which will automatically send email

notification of such filing to the following attorneys of record:

Jeffrey Aaron Brown
U.S. Attorney's Office-ATL
Jeff.A.Brown@usdoj.gov

Daniel A. Summer
Summer & Summer
danosummer@aol.com

**s/ Edward D. Tolley**
Georgia Bar No. 714300
Attorney for Ray Adams
Cook Noell Tolley & Bates LLP
304 E. Washington St.
P. O. Box 1927
Athens, Georgia 30603
(706) 549-6111
etolley@mindspring.com